IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-212-FL

| | |
|---|---|
| DIVINE HOSPITALITY, LLC d/b/a BAYMONT INN AND SUITES HENDERSON, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| OWNERS INSURANCE COMPANY, | )<br>) |
| Defendant. | ) |

ORDER

- - - - -

| | |
|---|---|
| OWNERS INSURANCE COMPANY, | )<br>) |
| Counterclaimant, | )<br>) |
| v. | )<br>) |
| DIVINE HOSPITALITY, LLC d/b/a BAYMONT INNS AND SUITES HENDERSON, | )<br>)<br>)<br>) |
| Counterclaim Defendant. | )<br>) |

This matter is before the court upon plaintiff's motion to compel appraisal and to stay (DE 17). The motion has been briefed fully, and in this posture the issues raised are ripe for ruling. For the following reasons, the motion is granted.

**STATEMENT OF THE CASE**

Plaintiff commenced this insurance action February 26, 2024, in the Superior Court of Vance County, North Carolina asserting five claims: 1) breach of contract as to indemnification; 2) breach of contract as to appraisal; 3) breach of the implied covenant of good faith and fair dealing; 4) unfair claims settlement practices in violation of N.C. Gen. Stat. § 58-65-15; and 5) declaratory judgment. Plaintiff seeks injunctive and declaratory relief, compensatory and punitive damages, specific performance, and fees and costs. Defendant removed the action to this court April 9, 2024, then filed a counterclaim alongside its answer seeking declaratory judgment of non-coverage due to an allegedly excluded cause of loss. (Answer (DE 11) 12–19).

The court entered a case management order October 11, 2024, with deadlines for discovery and dispositive motions keyed off of the date of resolution of anticipated motion(s) "regarding appraisal" or any "consent resolution of the appraisal issue." (Case Management Order (DE 16) at 2).

Plaintiff filed the instant motion to compel appraisal and to stay October 21, 2024. Plaintiff relies upon documentation and correspondence between the parties related to the insurance policy at issue. Defendant responded in opposition, relying upon similar materials. Plaintiff replied, relying upon one further piece of correspondence.

November 20, 2024, the court noticed a hearing on the instant motion for December 17, 2024. However, due to unforeseen circumstances, the court cancelled the hearing December 13, 2024, noting that a separate order regarding the instant motion and hearing, as warranted, will follow. (See December 13, 2024, Text Order).

**STATEMENT OF FACTS**

The facts alleged in the complaint are as follows. Plaintiff is a North Carolina limited liability company (LLC), and defendant is a Michigan corporation licensed to operate as an insurance company in North Carolina. (Compl. (DE 1-1) ¶¶ 1–3). Defendant issued a commercial property insurance policy to plaintiff, effective December 1, 2021, through December 1, 2022, covering property located in Henderson, North Carolina (hereinafter, the "policy"). (Id. ¶ 7). On February 25, 2022, and again on September 8, 2022, water damage occurred at the insured property. (Id. ¶ 8).

Plaintiff submitted a claim for the loss, including for building damage, business property damage, and business income losses, and defendant affirmed coverage. (Id. ¶¶ 9–10). Defendant released payment to plaintiff for the loss, but plaintiff alleges that defendant "grossly undervalued" its loss, and the parties cannot agree on the proper amount of loss under the policy. (Id. ¶¶ 11–12).

The policy contains an appraisal clause, permitting either party to demand appraisal of loss amount. (Id. ¶ 13). Plaintiff invoked this clause June 2, 2023, though defendant failed to name a valid proposed appraiser allegedly as required. (Id. ¶¶ 14–15). Defendant requested a proof of loss on June 22, 2023, and refused to proceed with appraisal until it received such proof, in alleged violation of the policy. (Id. ¶ 16). Plaintiff provided a proof of loss on July 13, 2023, but defendant has failed to timely respond, and has repeatedly refused to proceed with appraisal or to identify its proposed appraiser. (Id. ¶¶ 18–30). According to the complaint, defendant instead instructed plaintiff to file a lawsuit against it. (Id. ¶ 34).

## COURT'S DISCUSSION

Plaintiff argues the court should compel appraisal based upon the plain language of the policy and the parties' disputes over the amount of loss. The court agrees.

As a general matter, North Carolina law enforces insurance policies as contracts, including appraisal clauses therein. N.C. Farm Bureau Mut. Ins. Co. v. Sadler, 365 N.C. 178, 182 (2011); see, e.g., Buchanan v. N.C. Farm Bureau Mut. Ins. Co., Inc., 270 N.C. App. 383, 388–89 (2020) (appraisal clauses in particular); Patel v. Scottsdale Ins. Co., 221 N.C. App. 476, 484–85 (2012) (similar).

However, appraisal is not the appropriate remedy for disputes on coverage, as opposed to amount of loss, if an appraisal clause limits the appraisers' power to the latter purpose, as here. (Pl's Ex. 1 (DE 21-1) 107). In such a case, "parties are not to be bound by [an] appraiser's determinations of coverage issues." High Country Arts & Craft Guild v. Hartford Fire Ins. Co., 126 F.3d 629, 634 (4th Cir. 1997); see Sadler, 365 N.C. at 183 ("[T]he policy's appraisal process is limited to a determination of the amount of loss and is not intended to interpret the amount of coverage or resolve a coverage dispute.").

Here, plaintiff seeks appraisal on amount of loss, not on coverage, which North Carolina law permits. E.g., Sadler, 365 N.C. at 183; Buchanan, 270 N.C. App. at 388–89. Defendant has issued payment under the policy here, and never issued even a partial denial of coverage letter before this suit began. (See Decl. Anil Macwan (DE 18) ¶¶ 14). Nor did any correspondence from defendant purport to disclaim or deny coverage. (See id. ¶¶ 16–17, 19). Therefore, the court properly may compel appraisal under the terms of the policy.

Defendant makes two arguments against appraisal: 1) plaintiff seeks appraisal on coverage, rather than amount of loss; and 2) plaintiff failed to meet conditions precedent to appraisal. The court disagrees on each point.

As an initial matter, defendant only argues in conclusory fashion and without citation that the parties dispute the cause of the damages. (See Resp. Br. (DE 23) 5). This summary assertion is unpersuasive. Elsewhere in its brief, defendant cites two pieces of correspondence. (Id. at 2–3). However, neither gives rise to a dispute on coverage, as opposed to loss amount, as defendant suggests. The first letter, dated June 22, 2023, is an email between the parties' representatives, in which defendant's representative does not disclaim or deny coverage, but merely requests proof of loss. (See generally Resp. Br. Ex. A (DE 23-1)). The second letter, dated March 21, 2024, states defendant's refusal to engage in appraisal due to proof of loss issues, and cites a policy provision that "may serve to afford or bar coverage." (Pl's Br. Ex. 10 (DE 21-10) 2 (emphases added)). This document does not deny coverage, and in fact does not even state a coverage position. (See generally id.).

The cases defendant cites are inapposite, because each clearly involved an attempt to enforce an appraisal award that addressed coverage issues, not solely amount of loss. See High Country Arts & Crafts Guild, 126 F.3d at 631, 634; Sadler, 365 N.C. at 183–84; New Bern Golf & Country Club, Inc. v. Underwriters at Lloyd's London, No. 4:19-cv-151-BR, 2020 WL 1958631, at *3 (E.D.N.C. Apr. 23, 2020); Glendale LLC v. Amco Ins. Co., No. 3:11-cv-3, 2012 WL 1394746, at *3–6 (W.D.N.C. Apr. 23, 2012).

Defendant is correct, however, that a coverage issue now exists in this suit because of its counterclaim, which seeks declaratory judgment of non-coverage. (See Answer & Countercl. (DE 11)). But even though defendant has raised a coverage dispute now, years after the claims at issue

arose, and after this suit began, this filing does not defeat applicability of the policy's appraisal clause. The mere existence of a coverage dispute does not bar appraisal, so long as the appraisers do not attempt or purport to determine coverage. See High Country Arts & Crafts Guild, 126 F.3d at 634. In other words, the appraisal sets the value to be paid on a valid, covered claim, if such claim is later determined to exist, even though appraisers may not determine coverage themselves. See id. Appraisal does not bind defendant to pay, and it could still deny the claim on coverage grounds, but the appraisal would set coverage amount should a valid claim exist. See id.

The court therefore determines that the coverage dispute now present in this case does not bar appraisal as defendant argues.

Next, defendant argues that the parties have not engaged in any "meaningful exchange of information," and that they do not actually disagree on loss amount. (See Resp. Br. 5). First, the parties have repeatedly exchanged proof of loss statements and other documentation, which certainly constitutes a "meaningful exchange of information." See Hailey v. Auto-Owners Ins. Co., 181 N.C. App. 677, 686–87 (2007); First Protective Ins. Co. v. Brown, No. 4:20-cv-239-BO, 2021 WL 2481674, at *3 (E.D.N.C. June 17, 2021); (Decl. of Macwan ¶¶ 7–8, 12, 17, 20–21). Nor can the court conclude that the parties agree on the amount of loss, given the extensive correspondence between them on these issues and defendant's refusal to pay plaintiff's requested loss amount. (See Decl. of Macwan ¶¶ 7–8, 12, 17, 20–21; Compl. ¶¶ 18, 22–23, 27–30).

In sum, the insurance policy at issue here contains an appraisal clause enforceable under North Carolina law, and neither of defendant's arguments on why appraisal should not proceed is persuasive.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to compel appraisal and to stay (DE 17) is GRANTED. The parties are ORDERED to engage in the appraisal process specified in the insurance policy regarding business personal property and business income claims. Discovery in this matter is hereby STAYED pending the completion of the appraisal process. The parties are further DIRECTED to submit a status report on the progress of the appraisal process every 60 days from the date of this order. The court dispenses with hearing because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

SO ORDERED, this the 3rd day of March, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge